## GOSS *v.* STATE

[No. 18, October Term, 1951.]

*Decided October 31, 1951.*

The cause was argued before MARBURY, C, J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Edward J. Ryan* and *William L. Wilson, Jr.,* for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, Paul M. Fletcher, State's Attorney for Allegany County,* and *William M. Geppert, Assistant State's Attorney,* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a judgment on conviction of keeping a gambling house. The case was tried without a jury. The only question presented is whether a motion to quash a search warrant was properly overruled and evidence obtained by search under the warrant was properly admitted. The sufficiency of the evidence (if admissible) is not questioned. The question is, whether the facts stated in the affidavit and request for the search warrant are sufficient to show probable cause.

The affidavit, of a Cumberland Lieutenant of Police, dated March 16, 1951, states that: The premises in question are the second floor rear apartment of a three-story building, rented by one Schwab and occupied by defendant, the proprietor of the Potomac News Company. The first floor is occupied by a candy shop, and has a separate entrance. Another entrance leads to the second and third floors. The second floor front apartment is vacant and the third floor consists of apartments occupied by private families, who maintain living quarters there, who are known and whose activities have not been suspicious. The second floor rear apartment is listed in the Cumberland telephone directory as the Potomac News Company and is equipped with a telephone. Affiant has watched the entranceway, to observe any activity pertaining to bookmaking, on five named days for periods of from two and one-half to four and one-half named hours, all between 10:30 A. M. and 5:05 P. M. On each of four days he saw from eight to fifteen men enter and leave the building, some several, one six times in one day. On four of the five days defendant was one of the men seen to enter and leave. On March 10, 1951 affiant saw a man, described but not named, "carrying a large bundle of papers which appeared to be racing forms," enter at 11:23 and leave at 11:24 without the bundle. On March 14, 1951 he saw a man, described but not named, enter at 1:13, "carrying an empty cardboard container about four feet in height and about three feet square," and leave at

1:17, "carrying a cardboard container on his shoulder, which was filled with papers on top of which container the affiant saw racing forms and a cylindrical paper container". The man walked to an alley, turned into the alley, where a truck was parked, and emptied the contents from the cardboard container into a metal barrel on the truck. The same man drove the truck to a dump outside Ridgeley, West Virginia, and emptied the contents of the barrel on the dump. Affiant watched the barrel being emptied, and after the truck had been driven away "retrieved from the contents of the barrel * * * thirty racing forms, scratch or mark-up sheets, slips containing written memorandum of names, initials, names of race tracks, names of horses and figures related to the amounts wagered and bet on past races, and attached to one of the racing forms, by a paper clip, was an envelope, bearing a cancelled stamp, addressed to Raymond Goss". The warrant authorized search of the premises and persons found there. No one was found there. The evidence objected to was found by search of the premises.

It is not necessary to discuss in detail the contents of the affidavit, or particularly the inferences, if any, to be drawn from the numbers of men seen to enter and leave the building. The papers taken into the building and those taken out to the dump furnish ample probable cause for belief that a gambling establishment was being maintained in the building. The envelope clipped to a racing form was sufficient to indicate that the establishment was maintained by defendant in his premises. Ingenious suggestions, consistent with innocence, have been offered by counsel but need not be discussed. It is not necessary, to prove guilt beyond a reasonable doubt, much less to show "probable cause" for a search warrant, that every conceivable miraculous coincidence consistent with innocence be negatived. *Bratburd v. State,* 193 Md. 352, 358, 66 A. 2d 792, 795.

Defendant contends that in some respects the affidavit is inconsistent with the testimony at the trial. The

affidavit is not evidence at the trial. If it is sufficient on its face, it cannot be contradicted as a reason for quashing the search warrant. *Smith v. State,* 191 Md. 329, 334-336, 62 A. 2d 287, 5 A. L. R. 2d 386.

*Judgment affirmed, with costs.*